**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| FRANKLIN L. ASHLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-739 RLW |
| | ) | |
| PHILLIP TIPPEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Franklin Ashley brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs.  ECF No. 2.  Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $50.20.  *See* 28 U.S.C. § 1915(b)(1).  As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915.  Based on such review, the Court will direct Plaintiff to file an amended complaint on the Court-provided form in compliance with the instructions set out below.  Further, as there is no constitutional right to appointment of counsel in civil cases and it would be premature to grant appointment at this stage in the proceeding, the Court will deny Plaintiff's motion for counsel (ECF No. 3), subject to refiling at a later date.  The Court warns Plaintiff that his failure to comply fully and timely with this Order could result in dismissal of this action.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff is a prisoner at Potosi Correctional Center ("PCC"), where he is employed making $8.50 per month.  ECF Nos. 1 at 1 & 2 at 1.  Plaintiff also receives money monthly from friends and family.  ECF No. 2 at 1.  In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted an inmate account statement showing average monthly deposits of $251.  ECF No. 4.  The Court will therefore assess an initial partial filing fee of $50.20, which is twenty percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim

for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Complaint**

Plaintiff is a state prisoner incarcerated at PCC – a Missouri Department of Corrections ("MDOC") facility in Mineral Point, Missouri. ECF No. 1 at 1. Plaintiff brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against four defendants affiliated with PCC: (1) Dr. Phillip Tippen (Regional Medical Director); (2) Amy Courtney (Health Services Administer); (3) David Vandergriff (Warden); and (4) Jennifer Price (Assistant Warden). *Id.* at 1-4. Plaintiff does not state the capacity in which he brings his claims against these defendants. *Id.*

Plaintiff does not provide many factual allegations in his "Statement of Claim" but he appears to bring this case to expedite his medical treatment for prostate cancer. According to Plaintiff, his "prostate cancer levels" were detected at "very high levels" on March 14, 2023, which led to a biopsy on April 24, 2023. *Id.* at 6. The biopsy "confirmed" that Plaintiff had "Stage 2 Prostate Cancer." Plaintiff describes prostate cancer as "one of the most aggressive cancers" but also "one of the most treatable cancers." *Id.* He is concerned that the cancer is "progressing from

treatable to untreatable" presently, and if "no immediate action is taken" it could "lead to [his] demise." *Id.* at 6-7.  Plaintiff states that lab reports indicate that his "Levels" have already gone from "68.60 to 80.00," showing a progression of the cancer. *Id.* at 7.  He asserts that there has been a "nine week lapse of withholding treatment" which has had a "negative impact" on him. *Id.*

Plaintiff requests that the Court "**EXPEDITE** an ORDER[] to Centurion Medical Corp.[] transfer[ring Plaintiff] to a Care facility with Specialist already assigned," and also that the Court issue an order to "require Centurion Medical Corp. to begin TREATMENT" on Plaintiff. *Id.* at 7-8.  Plaintiff states he will also possibly seek money damages if, at a later date, it is found that defendants' "inaction" caused him harm. *Id.* at 8.

Plaintiff attached grievance filings as exhibits to his complaint.[1]  In March 2023, Plaintiff filed an Informal Resolution Request ("IRR") seeking to see a specialist and have a biopsy.  ECF No. 1-1 at 1.  According to the information provided by Plaintiff in that request, he had blood tests on March 3rd and 9th to test his "PSA" level.  The first test showed an "elevated" level at "68.60" and the second test indicated a level of "80." *Id.*  Plaintiff was informed of these results at a doctor's appointment on March 14, 2023.  He told the doctor at that appointment that he had a family history of cancer and the doctor acknowledged the "serious and urgent" nature of the matter and told Plaintiff that he would be sent to see a specialist for a biopsy. *Id.* at 1-2.  Sometime after that appointment but before filing his IRR, Plaintiff wrote to defendants Warden Vandergriff and Assistant Warden Price "concerning this serious and urgent matter." *Id.* at 2.  Plaintiff then filed the IRR on March 28, 2023.  On or before April 6, 2023, the referral to a urology specialist was approved. *Id.* at 1, 3-4.

---

[1]In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Plaintiff also attached an "Offender Grievance Appeal" document dated March 18, 2023, that does not appear to have been filed with, or received by, MDOC. *See* ECF No. 1-1 at 5. In this document, Plaintiff alleges that Regional Medical Director Dr. Phillip Tippen and Health Services Administrator Amy Courtney "failed to adhere to the Mo. Code of Conduct and Ethics for Executive Branch Employees … by failing to approach their duty with a positive attitude and conduct their duty with a professional courtesy." *Id.* at 6. Plaintiff further asserts that on April 6, 2023, a non-defendant nurse informed him that his referral to a urologist had been approved and that "if [he] wanted treatment [he] should drop [his] IRR." *Id.* at 7. Plaintiff informed her that his IRR would be resolved when he received treatment. Plaintiff had the biopsy on April 24, 2023. (Presumably, this is the date of his appointment with the urologist specialist). Plaintiff alleges that this constituted an "'18' day delay." *Id.* On May 3, 2023, Plaintiff was informed that he had Stage 2 prostate cancer and the next steps would be a CT scan to determine if the cancer had spread and a follow-up appointment with the urologist to determine a treatment plan. On May 15, 2023, Plaintiff visited medical with complaints of kidney, rib, back, pelvic, and testicle pain. He was informed that his referral to urology had not yet been approved. *Id.*

Plaintiff alleges that the seven (7) weeks it took to get a biopsy and the total of nine (9) weeks since the testing began, without any start on a cancer treatment plan, constitutes an intentional interference, delay, and denial of medical care and treatment. Plaintiff asserts that Dr. Tippen is delaying his care and treatment in retaliation for the filing of his IRR on March 28, 2023. *Id.* As to defendant Health Services Administrator Courtney, Plaintiff asserts that "she is very much aware of [his] pain," "she will not do anything to help," "she has refused to call or email Phillip Tippen[] or go over his head to the main office or inform Centurion Administration of [Plaintiff's] medical condition." *Id.* at 8. Plaintiff alleges that Courtney "has failed to do her duty" because he refused to drop his IRR. Plaintiff claims the actions of Dr. Tippen and Courtney are

"discourteous," "unethical," "unprofessional," "a direct disregard" to rules of staff conduct and constitute "cruel and unusual punishment." *Id.*

### Discussion

Based on a careful review and liberal construction of the pleadings before the Court, Plaintiff has not adequately alleged claims to withstand review under 28 U.S.C. § 1915(e)(2). Because Plaintiff is self-represented and has presented serious allegations to the Court, he will be allowed to amend his complaint in accordance with the instructions set forth below. Plaintiff should consider the following legal issues in filing in his amended complaint.

**I.      Defendants Named in the Amended Complaint**

**a.  Capacity**

Plaintiff's complaint does not indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. When a plaintiff's complaint is silent about the capacity in which the defendant is being sued, the complaint is interpreted as including only official capacity claims. *Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007); s*ee also Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity").

In this case, because Plaintiff's complaint does not specify capacity, it would be presumed that he only seeks to sue these defendants in their official capacities. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999).

Defendants here appear to all be employees of the Missouri Department of Corrections ("MDOC") – a State agency.[2] As such, naming these defendant state officials in their official capacity is equivalent to naming the State itself. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71. In addition, in the absence of a waiver, the Eleventh Amendment[3] bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

Accordingly, to the extent Plaintiff seeks monetary damages against the defendants, his official-capacity claims are barred by the Eleventh Amendment and are subject to dismissal.[4] *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment."); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983").

However, state officials may be sued under § 1983 in their official capacities for prospective injunctive relief without violating the Eleventh Amendment. *See Monroe v. Ark. State*

---

[2]Plaintiff does not identify the employer of each defendant on the complaint but all the addresses he lists are for Missouri Department of Corrections facilities. *See* ECF No. 1 at 3-4 (listing the address for the MDOC Division of Adult Institutions for defendant Dr. Tippen and the address for PCC for all other defendants).

[3]The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

[4] Although Plaintiff clearly seeks an Order from this Court directing defendants to start his cancer treatment plan, he also checks the box for requesting money damages. *See* ECF No. 1 at 8.

*Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).  But this exception applies only if state official defendants have "some connection to the enforcement of the challenged laws."  *Johnson v. Griffin*, 69 F.4th 506, 512 (8th Cir. 2023) (quoting *Calzone*, 866 F.3d at 869).  Plaintiff must clearly allege this connection in order for his official capacity claims against state official defendants to survive initial review.

### b.  Correct Defendant for Requested Relief

In addition, when filing his amended complaint, Plaintiff should consider whether he is naming the correct defendants.  Plaintiff seeks an Order directing 'Centurion Medical'[5] to immediately begin treatment for Plaintiff's cancer.  ECF No. 1 at 8.  However, Plaintiff does not name Centurion as a defendant to this action.  In order to state a claim against a private corporation like Centurion, a plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury."  *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts an injury actionable under § 1983"); *see also Crumpley-Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 590 (8th Cir. 2004) *(citing Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978)).

Therefore, in filing his amended complaint, Plaintiff should carefully consider who he would like to name as defendants, in what capacity he brings suit against each named defendant, and what relief he seeks.

---

[5]On November 15, 2021, 'Centurion Health' started as the medical services company contracted with MDOC to provide statewide correctional healthcare – including medical and mental health services for incarcerated people at 19 correctional facilities and 2 community transition centers across the state of Missouri.

## II.      Section 1983 Claim Requires Personal Liability

For every named defendant in Plaintiff's amended complaint, Plaintiff must provide factual allegations supporting a claim that each defendant was personally liable for a violation of Plaintiff's constitutional rights.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Specifically, as to Warden Vandergriff and Assistant Warden Price, it is not enough that they had supervisory control over PCC at the time of Plaintiff's allegations.  "[A] warden's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement." *Reynolds v. Dormire,* 636 F.3d 976, 981 (8th Cir. 2011) (quoting *Ouzts v. Cummins*, 825 F.2d 1276, 1277 (8th Cir. 1987) (per curiam)).  Similarly, to state a claim under § 1983, it is not enough for a defendant just be involved in the denial of an institutional grievance.  *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. ... Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

In his amended complaint, Plaintiff must provide factual allegations explaining how each named defendant was causally linked to, or directly responsible for, a deprivation of his rights.

## III.     Requirements for Deliberate Indifference Claim

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978).  One such federally protected right is the Eighth Amendment's prohibition on cruel and unusual punishment, which protects prisoners from deliberate indifference

to serious medical needs.  *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012).  To prevail on a deliberate indifference claim, a prisoner plaintiff must demonstrate that he suffered from an objectively serious medical need, and that defendants actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention."  *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted).

"[D]eliberate indifference requires a highly culpable state of mind approaching actual intent."  *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (quoted case omitted).  An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care."  *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014) (quoted case omitted).  Allegations of mere negligence in giving or failing to supply medical treatment will not suffice.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference.  *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

Deliberate indifference may also be demonstrated by prison officials who intentionally deny or delay access to medical care.  *Estelle*, 429 U.S. at 104-05.  When a delay in treatment is alleged to have violated an inmate's constitutional rights, a court measures the objective severity of the deprivation "by reference to the *effect* of the delay in treatment."  *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (internal quotation marks omitted) (quoting *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005)).  To support a claim based on a delay in treatment, a plaintiff must present "verifying medical evidence" showing that the delay in treatment had detrimental

effects. *Id.* at 1119-20*; see also Holden*, 663 F.3d at 342 ("[a] prisoner alleging a delay in treatment must present verifying medical evidence that . . . [the] delays adversely affected his prognosis.").

In this case, Plaintiff had blood tests done on March 3rd and 9th to test his PSA levels. Those results were reviewed and discussed with him on March 14th, and he was told that he would be referred for a biopsy. He received that biopsy on April 24th – forty-one (41) days later. Plaintiff was informed of his cancer diagnosis on May 3rd and as of complaint signing on May 28th – twenty-five (25) days later – he had not begun treatment.

"The Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 633 (8th Cir. 2009). When diagnosed with a serious medical need like cancer, all people want to begin treatment quickly. But there are delays for everyone – not just incarcerated prisoners. In order to state a claim for deliberate indifference to a serious medical need, Plaintiff must allege more than a brief delay and he should provide factual detail as to how the delay has aggravated his condition. *See Johnson*, 452 F.3d at 973 (concluding that a one-month delay in treating a fractured finger did not rise to a constitutional violation); *Givens v. Jones*, 900 F.2d 1229, 1233 (8th Cir. 1990) (finding that a prisoner's claim for delay of one month between complaint of leg pain and visit with doctor was insufficient to state a constitutional claim absent allegations the condition required immediate attention or the delay in treatment aggravated the condition).

## IV.     Requirements for Retaliation Claim

The right to be free from retaliation for availing oneself of the grievance process is clearly established in the Eighth Circuit. *Santiago v. Blair*, 707 F.3d 984, 991 (8th Cir. 2013) (citing *Nelson v. Shuffman*, 603 F.3d 439, 449-50 (8th Cir. 2010)). "To succeed on [a] § 1983 retaliation claim, [Plaintiff] must prove that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary

firmness from engaging in that activity." *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). Both filing a prison grievance and filing an inmate lawsuit are protected First Amendment activities. *Id.*

In this case, Plaintiff alleges that a non-defendant nurse informed him his urology referral had been approved and that "if [he] wanted treatment [he] should drop [his] IRR." ECF No. 1-1 at 7. However, after this conversation, Plaintiff did not drop his IRR and he still received a biopsy and met with a doctor about his diagnosis. Plaintiff does not name the nurse that he spoke with as a defendant in this matter. Instead, he claims that defendants Dr. Tippen and Health Services Administrator Courtney are delaying his receipt of cancer treatment due to his filing of the March 28th IRR. Plaintiff must provide factual allegations supporting this assertion, because based on the facts in the complaint, Plaintiff has received treatment (just not at the speed he would like to), even though he has not dropped his IRR.

## Instructions for Filing an Amended Complaint

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims Plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must **type or neatly print** the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by

the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, Plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write the specific facts supporting his claim or claims against that defendant. If Plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence or, more simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, Plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Further,

- 13 -

the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). It is not enough for Plaintiff to refer to a group of defendants and make general allegations against them. Instead, Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If Plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Plaintiff.

### Appointment of Counsel

Finally, Plaintiff has filed a motion for appointment of counsel. ECF No. 3. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo.*

*Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005).   This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law.  Further, the request for counsel is premature, as defendants have not yet been served and the Court has not issued any Case Management Order.  The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice.

### Conclusion

Plaintiff's motion to proceed *in forma pauperis* will be granted but his motion for appointment of counsel will be denied.  Plaintiff should consider the legal issues discussed herein and file an amended complaint which contains all of the relevant factual allegations and asserts all of the claims Plaintiff wishes to bring.  After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.  If Plaintiff fails to file an amended complaint on a Court-provided form within **thirty days** in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $50.20 by **October 18, 2023**. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that by **October 30, 2023**, Plaintiff shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915.

**IT IS FINALLY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED without prejudice**.

**Plaintiff is advised that his failure to timely and fully comply with this Order will result in the dismissal of this action, without prejudice and without further notice.**

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>18th</u> day of September, 2023.